## WISCONSIN REPORTS. 173

Madison, &c., Plank Road Co. vs. Watertown, &c., Plank Road Co. et al.

# THE MADISON, WATERTOWN AND MILWAUKEE PLANK ROAD COMPANY, Complainants, Appellees,

*vs.*

# THE WATERTOWN AND PORTLAND PLANK ROAD COMPANY and JAS. PRENTISS, Defendants, Appellants.

### APPEAL IN EQUITY FROM JEFFERSON COUNTY COURT.

Where a plea in equity goes to the whole bill, it must be so full and perfect in itself, that if true it will defeat all the equities of the bill, and be adequate to the determination of the whole case.

A plank road company incorporated by act of the legislature, has not the right to engage in the business of loaning money, unless specially authorized so to do.

A plank road company, though not specially authorized by its charter to loan money, may make an advance or loan to its agents or contractors, for the purpose of carrying on its appropriate work.

In determining the powers of a corporation, the rule is, if the means employed are reasonably adapted to the ends for which the corporation was created, they come within its implied powers, though they may not be specifically designated by the act of incorporation.

A corporation is not restricted to the means "usual and necessary" in carrying on the business and objects of its creation, but is entitled to choose among the means convenient and adapted to the end contemplated by its charter.

The same rule applies to a plea to a bill in equity as in cases at law. It should be full and explicit, and distinctly and explicitly aver all the facts necessary to render it a complete defence so far as it extends.

In a plea to a bill in equity, all intendments which could otherwise be made against the pleader should be excluded by proper averments, and facts, not conclusions or inferences, should be stated.

To a bill of foreclosure filed by the Madison, Watertown and Milwaukee Plank Road Company against the Watertown and Portland Plank Road Company, the defendant pleaded to the whole bill, that the complainants were a body corporate, and had no power to loan money; that the mortgage was for a loan of money, was not made in "the usual and necessary course of business" of said corporation; Held, that the plea was insufficient.

BILL of foreclosure filed by the Madison, Watertown and Milwaukee Plank Road Company against the Watertown and Portland Plank Road Company, of a certain mortgage given by the defendants to the complainants to secure the payment of certain evidences of debt given by the former to the latter.

The case was heard upon the bill and plea covering the whole case made by the bill.

The substance of the bill, and plea in form, is set out in the opinion of the court, but as the mortgage and "simple bills" are somewhat peculiar, one of the latter is here inserted, the others differing from it only as to time and amount.

"The Watertown, Hubbelville, Portland and Waterloo Plank Road Company acknowledge themselves to owe for money borrowed, to the Madison, Watertown and Milwaukee Plank Road Company or bearer, one thousand dollars, which sum said company promise to pay to the said Madison, Watertown and Milwaukee Plank Road Company or bearer, in four years from the date hereof, with interest thereon payable annually at the rate of twelve per centum per annum, at the of the said Madison, Watertown and Milwaukee Plank Road office in Milwaukee; and it is expressly agreed and understood that in case default shall be made in the payment of any installments of interest, or any part thereof, for the space of thirty days after the same shall become due and payable by the terms hereof, that then and in that case, the whole principal sum shall be deemed due and payable, anything herein contained to the contrary notwithstanding; and said company further agrees that this obligation, and all rights and benefits arising therefrom, may be transferred by special or general indorsements, or by delivery, as if the same were a note of hand payable to bearer, and do hereby waive all benefit from any stay, valuation or appraisement laws.

"In testimony whereof, the said company have hereunto caused to be affixed their corporate seal, and these presents to be subscribed by their president and secretary, this eighth day of June, in the year 1852," duly executed under the corporate seal of the company.

The mortgage given to secure these "bills," is set out in the bill of complaint as follows:

"And the said Watertown and Portland Plank Road Company, for the purpose of securing the principal and interest mentioned in the above instruments in writing or simple bills, did, at the same time, execute under their corporate seal, and deliver to your

WISCONSIN REPORTS. 175

Madison, &c., Plank Road Co. vs. Watertown, &c., Plank Road Co.. et al.

orators a certain indenture of mortgage, bearing even date there-with, whereby, for and in consideration of four thousand dollars therein expressed, did grant, bargain and sell unto them or their assigns, so much of their plank road as lies between the village of Watertown and Portland, together with all their franchises and all their personal property of any kind and description, and all their privileges, to have and to hold the same with the ap-purtenances: provided always, and said mortgage was upon the express condition, that the said Watertown, Hubbelville, Portland and Waterloo Plank Road Company, should pay to your orators the said sum of four thousand dollars, with interest payable ac-cording to the conditions of the said three instruments in writ-ing or simple bills, at their office in Milwaukee; which said mortgage was duly acknowledged, and was afterwards recorded as a mortgage in the office of the register of deeds for Jefferson county, on the ninth day of June, A. D. 1852, at 6 o'clock P. M., in volume eight of mortgages, on pages 1 and 2, as by the said mortgage and the certificate of acknowledgment, and of the recording aforesaid indorsed thereon, and ready to be produced as this court shall direct, will more fully appear; and your orators further show and state, that the interest upon said three simple bills, nor no part thereof, for the space of thirty days after the same became due, was paid; but that the whole of the said four thousand dollars, with interest from the eighth day of June, A. D. 1852, remains due and unpaid to your orators, by reason of the non-payments of the said interest, according to the terms and conditions of said three simple bills."

The bill contained the usual averments and prayer, to which the plea was interposed, which is set out at length in the opinion of the court.

The case came on for hearing at the March term of the said Jefferson Circuit Court, when the said court adjudged and de-creed the said plea to be insufficient, and ordered the defendants to answer on or before the 20th day of April, then next ensuing.

From this order and decree the defendants appealed.

The reasons assigned by the court below for the decree made

in the case, as reported to this court, were, that though the defence set up in the plea were good at law, it was inequitable.

*Enos & Hall*, for the appellants, insisted that the decree of the of the court below was erroneous, because:

1. As the complainants are a mere creature of law, they could make no contracts, and do no acts except such as are authorized by the law of their creation; that the corporation, complainant, had no power to make the loan or to take the securities in question, and hence had no legal capacity to enforce the contract which is the subject matter of the suit; that the specification of the powers in the charter necessarily excluded all others, except such as are necessarily incident to the powers expressly granted. And as the plea expressly negatives such power, the complainant, by setting down the cause for hearing, admitted the truth of the plea for all the purposes of the case; and to this point cited 1 *Barb. Ch. R.* 124; *Terr. Sess. Laws*, 1846, *p.* 57; *id.* 1848, *p.* 29; *Angell & Ames on Corp.* §§ 256, 258, 391, 392, 393, 173; 2 *Kent Comm.* 298; *Bank of Augusta vs. Earle*, 587; 12 *Wheat.* 88; 2 *Cranch*, 156; 4 *Wheat.* 436; 15 *J. R.* 383; 2 *id.* 114; *McCulloch vs. Mass*, 5 *Denio*, 567.

2. Courts of equity are as much bound by the rules of law, where the facts are the same, as courts of law. *Story's Eq. Jurisp.* §§ 769, 787, 11, 15, 3; *Black. Comm.* 431, 437.

3. The contracts of loan and security are unauthorized and illegal, being foreign to the objects of the corporation, and therefore in violation thereof. If the distinction made in the court below, between a defence at law and in equity, in regard to the powers of a corporation, exist, then equity will disregard the inequitable defence, and endow a corporation of limited and specific powers with unlimited capacity to transact business of every and all kinds; and as the contract in this case is unauthorized and illegal, courts both of law and equity will leave the parties thereto without aid or remedy. *Beach vs. Fulton Bank*, 3 *Wendell*, 583; 3 *Comst. Rep.* 470; *Tallmadge vs. Pell*, 3 *Seld.* 328.

## WISCONSIN REPORTS. 177

Madison, &c., Plank Road Co. vs. Watertown &c., Plank Road Co. et al.

*William P. Lynde*, for the appellee.

The powers of a corporation are to be classed under two heads:

1. Its principal, or express powers:
2. Accessory, or incidental powers.

The principal or express powers of a plank road company are obvious enough. Its accessory or incidental powers embrace the purchase of lands, erecting suitable works, furnishing materials, &c: and to illustrate this he cited *Hamilton vs. Lycoming Insurance Company* (5 *Barbour S. C. R.* 545), where it is said "a corporation within its powers may contract pretty much as an individual." "Every corporation, unless expressly forbidden, has power to do acts necessary to its existence, or to the advantageous carrying on of its business." *Bates & Hines vs. Bank of Alabama*, 2 *Alabama R.* 451. He also cited *Matt vs. Hicks*, 1 *Cow.* 513; 5 *Hill*, 138; 15 *J. R.* 44; 4 *Johns. Ch. R.* 370; 7 *S. & R.* 313; 11 *id.* 411; 3 *Randolph*, 136; 7 *Cow. R.* 540; 5 *How. U. S. R.* 89; 21 *Pick. R.* 278; 2 *Am. R. R. Ca.* 62; 82 *Eng. Com. L.* 830.

A contract with a corporation may be binding on the parties, though it may be an abuse of the corporate power, for which the corporation may be answerable to the government which enacted it. *Bank of S. C. vs. Hammond*, 1 *Rich.* 281; *Little vs. O'Brien*, 9 *Mass.* 94; 7 *S & R.* 313; 5 *Littell*, 45.

The contract having been executed on the part of the complainant, and the defendant having received the full benefit thereof, it would be a fraud on the complainant to allow the defendant to set up the want of power in the complainant to make it. 32 *Eng. Com. Law Rep.* 572; *id.* 167.

*By the Court*, SMITH, J. This was a bill filed by the complainants, appellees, against the defendants, appellants, for the foreclosure of a certain mortgage executed by the defendants to the complainants, to secure the payment and interest of three several evidences of debt, called by the complainants "certain

instruments in writing, or simple bills," by which the defendants acknowledged themselves to owe, for borrowed money, the complainants, or bearer, the respective sums of $1,000, $2,000 and $1,000, which said sums the defendants promised to pay to the complainants in four years from the date thereof, respectively, with interest thereon, payable annually, at the rate of twelve per cent. per annum, at the office of the complainants, in the city of Milwaukee ; and to secure the payment of the said several sums and interest mentioned in the said bills, the defendants executed and delivered to the complainants, for the consideration of $4,000, a mortgage upon so much of their plank road as lies between the village of Portland and Watertown, together with all their franchises, and all their personal property of any kind and description, and all their privileges; to have and to hold, &c. The bill also states that the whole sum of $4,000, together with interest since June 8th, 1852, remains due and unpaid, and that no proceedings at law have been had, &c. ; closing with the usual prayer.

To this bill the defendants interposed the following plea:

" *To the Circuit Court for the county of Jefferson : In Equity.* The plea of the Watertown and Portland Plank Road Company, defendants to the bill of complaint of the Madison, Watertown and Milwaukee Plank Road Company, complainants:

"This defendant, by protestation, not confessing or acknowledging all, or any of the matters and things in the said complainant's bill of complaint mentioned and contained, to be true in such form and manner as the same are therein set forth and alleged, for plea to the whole of the said bill, says, that the instruments in writing, or simple bills and mortgage mentioned in the said bill of complaint, were made, executed and delivered by the said defendants to the said complainants, for money loaned by the said complainants to the said defendants, as in the said instruments in writing, or simple bills, is stated; and that the said complainant is a body corporate by virtue of an act of the legislature of the territory of Wisconsin, entitled, 'An act to incorporate the Lisbon and Milwaukee Plank Road Com-

pany,' which said act was amended by an act of the legislature of the territory of Wisconsin, entitled, ' An act to provide for the continuation of the Lisbon and Milwaukee plank road from Watertown to Madison;' and that by the said acts of incorporation and amendment, the said complainant is invested with no power to loan money, or take any securities for the loan of money, and that the said loan of money was not made in the usual or necessary course of the business of the said complainant; and that the said complainant cannot, and ought not to recover any portion of the money mentioned in the said bill of complaint, for the causes herein above set forth.

" Therefore, this defendant pleads the said acts of incorporation and amendment, and the lack of power in said complainant to loan any money, or to take securities therefor, in bar to the whole of the said complainant's bill; and prays the judgment of this honorable court whether they shall be compelled to make any further answer to the said bill, and pray to be dismissed with their reasonable costs and charges in that behalf most wrongfully sustained."

The plea was set down for hearing, and at the March term, 1856, of the Circuit Court, the case came on to be heard, whereupon the plea was overruled by the court, and the defendants were ordered to answer on or before the 20th day of April, then next ensuing.

There is but a single question here presented for the consideration of this court. Are the facts, in the manner and form as they are stated in the plea, sufficient to defeat the relief prayed for in the complainant's bill?

However agreeable or instructive it would be, to enter into a full discussion of the powers, duties, rights and liabilities of corporations, it is scarcely necessary or proper to do so in the present stage of this cause. We have no desire to anticipate the facts of the case, however they may be disclosed by answer or proof. In doing so, remarks might possibly be made prejudicial to one or another of the parties. All that we have now to consider are, the facts stated in the plea, in the manner and form as

therein set forth. Farther than that we cannot go, and hence our discussion is reduced to a very narrow compass. The pleadings, and the statutes appertaining to the case, inform us that the parties are two plank road companies, the *termini* of whose roads are at the city of Watertown, the one approaching that city from the east, and the other from the west. The plea of the defendants avers:

1st. That the instruments in writing, or simple bills and mortgage mentioned in the complainant's bill of complaint, were made, executed and delivered by the defendants to the complainants, for money loaned to the former by the latter.

2. That the complainants are a body corporate by virtue of an act of the legislature, and by neither of said acts, nor the several amendments thereto, are the complainants invested with power to loan money, or take any securities for the loan of money; and

3. That said loan of money was not made in the usual or necessary course of the business of the said complainants.

The object of a plea to a bill in chancery is, to reduce the cause to a single point, and from thence create a bar to the suit, or to the part to which it applies. 1 *Mitf.* 219; 1 *Atk.* 54; 2 *Bligh P. C.* 614; 15 *Ves.* 82. But this plea, whether sufficient or insufficient, whether a defence or not, goes to the whole bill of complaint. A plea collects the rule of law on which the defence rests, from new matter stated by the defendant in that form. *Lube,* 341. It is therefore apparent, that where a plea goes to the whole matter of complaint and relief, it must be full and perfect in itself, so that if true it will be adequate to the determination of the whole case. *Canal vs. Warring,* 4 *Johns. Ch. Rep.* 693.

The first point of the plea is, that the complainants are a corporate body, and that the bills were given for a loan of money. This general statement of itself is no objection to the relief prayed for by the bill. The second is, that the complainants are not authorized by their charter to loan money, or to take securities therefor. This is a mere legal conclusion, to be determined by inspection of their charter. The third is, that the loan

WISCONSIN REPORTS. 181

Madison, &c., Plank Road Co. vs. Watertown, &c., Plank Road Co. et al.

was not made "in the usual and necessary course of the business of the complainants."

This last appears to us to be the only material allegation to be considered, and was really the only point urged in the argument. The plea was set down for hearing by the complainants, and by so doing they undoubtedly admitted the truth of all the facts stated therein, for all the purposes of the suit; but a mere legal proposition stated in the plea, is not thereby made the stronger or better.

The facts then stated in the plea which become the subject of consideration, are, that the complainants were a body corporate, being invested with no power to loan money; that these bills were given for a loan of money, and that the said loan of money was not made in the "*usual or necessary*" course of their business.

It will probably be admitted that a plank road corporation cannot engage in the business of loaning money, unless especially authorized so to do. But it will hardly be denied that if it becomes convenient or necessary for the corporation to loan to one of its contractors a sum of money to enable him to build a section of the road, such a transaction would be within the legitimate scope of its powers. The rule is, that if the means employed are reasonably adapted to the ends for which the corporation was created, they come within its implied or incidental powers, though they may not be specifically designated by the act of incorporation. The last allegation in the plea, therefore, viz: that "the loan was not made in the '*usual or necessary*' course of the business of said complainants," was eminently proper and necessary; and hence this averment becomes, as we have before said, the only one important particularly to consider, in reference to its effect upon the whole suit.

In a case of this kind it is difficult to avoid remarks upon the equitable character of the plea, as well as upon the just rights of the parties as disclosed by all the pleadings in the case. But we shall refrain from doing so, with the observation, that the parties must abide the consequences of their own transactions, and with the expression of regret that the whole transaction

between the parties had not been fully disclosed; because in entering into a full discussion of the rights and powers of corporations, we may possibly anticipate facts hereafter to be disclosed, and must therefore confine ourselves to a more narrow compass than we otherwise would desire.

The simple question then presented by the plea is, were the complainants, in the prosecution of the objects of their incorporation, confined in law to the means and instrumentalities which are "*usual and necessary*" for the accomplishment of the objects contemplated by their charter? We think not. The complainants cannot exercise any powers, or make any contract not authorized by their charter. But are they restricted to the means *usually* adopted by like corporations for like purposes? Must every means employed by them be absolutely *necessary* to the end proposed? Several modes differing in kind, may be convenient and well adapted to the objects to be accomplished, and not one of them absolutely necessary. Are the company restricted to that mode only, which they may be prepared to show was absolutely necessary? Must every means adopted be a *sine qua non* to the end? And have the company no power of choice outside the limits of necessity? Or, are they restricted on the other hand to such means and modes as are usually adopted by like corporations? Or in other words, must the means employed, in every instance, be either "usual" or "necessary?" If convenient and adapted to the end, may they not be employed, though unusual, and though not absolutely necessary? The law of corporations is strict, and properly so, but it is not confined to such narrow limits. Yet this is the scope of the plea. It does not inform us for what purpose this loan was made; what were the objects in view by the respective parties. It does not negative the idea that the loan was made in the due prosecution of the objects of the corporation. The defendants may have been contractors to perform the whole of a work required at their terminus, one-half of which belonged to the complainants, to perform which work was in the due course of the business of both, and this loan made to enable the defendants more speedily and advantageously to complete it; thus greatly

promoting the interests of both parties, though not absolutely necessary to either. It is difficult to conceive in what manner such a transaction would transcend their charter. The allegation is, that this transaction was a loan of money, and not made in the "*usual or necessary* course of the business of the complainants." Suppose a contractor for the construction of a section of the road, the building of a bridge, or a toll-house and gate, should be unable to complete his job without a loan of money, and for that purpose the company should make him the loan; this might not be usual; it might not be necessary; the company might permit him to forfeit his contract, and then re-let it; but would a loan of money under such circumstances be considered unauthorized by their charter? This plea does not state that the loan was not made in the course of the business of the company, nor in the prosecution of their work, nor in furtherance of the objects of their incorporation: nor does it allege that the loan was made for any purpose outside of the scope of their business, but only that it was not made in the "*usual and necessary* course of their business." It would be going very far to condemn this corporation upon the mere allegation that they had done an act which was not usual or absolutely necessary to be done in the course of their business. Pleas of this kind should be full and explicit, certain and definite, so that the court can ascertain whether or not the transaction was sanctioned by law. The rule of pleading in this respect is analogous to cases at law. The plea should clearly and distinctly *aver all the facts* necessary to render it a complete defence to the case made by the bill, so far as the plea extends. All intendments which could otherwise be made against the pleader, should be excluded by proper averments, and facts, not conclusions or inferences, should be stated. *Story's Eq. Pl.* §§ 663, 664, 665; *Mitf.* 339, 1 *Bro. Ch. Ca.* 224; 6 *Ves.* 595, 597, 239 *et seq.; Cooper's Eq.* 226; 3 *Paige*, 273; *id.* 566; 5 *Ves.* 245 *and note;* 2 *Sch. & Lef.* 727; 18 *Ves.* 182.

Tested by the principles derived from these authorities, as well as from the reason of the case, we are constrained to hold this plea insufficient, and order the case to stand for answer.

We do this with less regret, from the fact that the answer will probably disclose the true nature of the transaction ; and when all the facts shall appear before us, we shall be better enabled to discover and apply the law applicable to corporations, and to do complete justice between the parties.

We have carefully abstained from any discussion of the law defining the powers and duties of corporations, which were so ably presented on the argument, lest we might be found adjudicating upon the rights of the parties before they had been disclosed by the pleadings and proofs.

The order of the Circuit Court is affirmed, with costs, and the cause remanded for further proceedings, according to law.