Cooper vs. The City of Mineral Point and others.

COOPER VS. THE CITY OF MINERAL POINT and others.

|    |     |
| -- | --- |
| 34 | 181 |
| 83 | 120 |

INJUNCTION: JURISDICTION OF SUPREME COURT. (1) *Injunction granted by this court as a part of its original jurisdiction.* (2) *As incidental to its appellate jurisdiction.* (3) *When writ may be granted by a judge of this court.* (4) *Not grantable by this court in cases pending in other courts of the state.*

1. This court, under sec. 3, art. VII of the constitution of this state, has *original jurisdiction* to issue the writ of *injunction* in a proper case. *Attorney General v. Blossom,* 1 Wis., 317. But such jurisdiction relates to actions commenced in, and to be heard and determined by, this court, and not to actions still pending in other courts.
2. This court, without any express grant, would have the power, *as incidental to its appellate jurisdiction* and necessary to the full exercise of it in cases brought up by appeal or writ of error, to grant the writ of injunction, or order a stay of proceedings, in such cases.
3. The power given by statute (R. S., ch. 115, sec. 7), to any *judge* of this court, to "grant writs of injunction," relates to injunctions in cases brought here by appeal or writ of error, or, possibly, in suits commenced here.
4. Neither the supreme court nor any judge thereof has any general power to issue writs of injunction in cases still pending and undetermined in any of the other courts of the state. So *held* in a case where the injunction sought was not ancillary to the administration of justice in any cause otherwise pending before this court.

APPLICATION for a Writ of *Injunction.*

While the above entitled cause was pending in the circuit court for Iowa county, the plaintiff applied to this court for a writ of injunction against the defendants, basing such application upon the original complaint supported by certain affidavits. The defendants, upon the answer filed in the court below, supported by affidavits, resisted the application. After the decision here reported, the parties had leave to withdraw, and did withdraw, the papers from the files of this court. The general character of the action in which this application was made, and the nature of the relief sought here, will, however, sufficiently appear from the opinion.

*E. P. Weber* and *Alexander Wilson,* for the plaintiff.
*Henry & Smith* and *M. M. Cothren,* for the defendants.

DIXON, C. J.    The court is not prepared to deny the correctness of the proposition that sec. 3 of art. VII of the constitution vests in this court original jurisdiction to issue the writ of injunction in a proper case.    That section underwent very thorough examination in *Attorney General v. Blossom,* 1 Wis., 317; and it would seem to be quite inconsistent with the reasoning of the court and the conclusion arrived at in that case, to hold that such power is not vested in this court as part of its original, and not of its appellate, jurisdiction.    As incidental to its appellate jurisdiction, and necessary to the full and proper exercise of it in cases brought up by writ of error or appeal, the power to grant the writ or order a stay of proceedings in those cases would have existed without an express grant.    Such appears to have been the ground on which the court rested its decision in *Waterman v. Raymond,* 5 Wis., 184, as well as in some other cases there referred to in note.    The effort in *Attorney General v. Blossom* was to show that the jurisdiction to issue the writs named in the third clause of the section of the constitution referred to, of which the writ of injunction is one, is original, and that it is not connected with or given in aid of the appellate power conferred by the first clause of the same section.    It is, according to the reasoning of the court and the conclusion which it reached, an independent grant of power to be originally and primarily exercised by this court, not as ancillary to its appellate jurisdiction, but above and beyond that — a power to issue the writ on proper application made to this court in the first instance.    It is an express grant of such power, which would otherwise have been taken away by the restrictive language of the first clause of the section. Such appear to have been the views then taken by the court; and we are not disposed to criticise the construction, or to depart from or question the decision as not being full and authoritative upon the several points there discussed.

The power to issue the writ being thus established, the next question arising is as to the manner of exercising it, or the nature of the suit or action in which this court is authorized to grant the writ. Must it be an original suit commenced in this court, or may the power be exercised in a suit commenced and pending in one of the circuit, county or other inferior courts of the state? This application is made in an action commenced and now pending in the circuit court for the county of Iowa. The plaintiff brings here his original complaint in that court, supported by affidavits, asking a preliminary injunction; and the defendants come with their answer in the action there, supported also by affidavits, to oppose the motion. Assenting fully to the authority of the decision above referred to, and governing ourselves by it, we are bound to hold, we think, that this is not a proper application to this court for the writ, and that the granting of it in such a case would not be in pursuance of the power conferred by the constitution and contemplated and intended by the framers. That power is part of the original jurisdiction of this court, and consequently not to be exercised except in suits instituted in and to be heard and determined by this court according to the authority expressly granted by the same clause. The power to issue the writs named, " and to hear and determine the same," is so conferred, and the structure of the sentence is such, as to leave no doubt respecting the intention of the framers; and such is also the inference clearly to be drawn from all the reasoning of the court in the case cited. The framers were considering what should be the original jurisdiction of the court, and, in fixing that, named certain well known writs, which, with others of like character, the court should have power to issue, hear and determine; and nothing could be further from true principles of construction than to hold that the power thus given to issue the writs can be used in the exercise of a jurisdiction neither original nor appellate — in a suit not commenced in this court, nor brought here by writ of error or appeal — a suit in fact of

which this court has no jurisdiction whatever, and perhaps may never have. No precedent for such an application and exercise of the power exists, and it is obvious to us that none was ever intended.

Reference is also made to the statute providing that "any judge of said court shall, on good cause shown, have power to allow writs of error, *supersedeas*, as before provided for, and also to grant writs of injunction." R. S., ch. 115, sec. 7; 2 Tay. Stats., 1296, § 12. The power thus given is obviously one conferred in aid of the appellate jurisdiction of the court, and intended to be so exercised. The injunction which a justice of this court is authorized to allow, must be in a suit brought to this court by appeal or writ of error, or it may be, by possibility, in a suit originally commenced here. It is not a roving power to grant writs of injunction in any or every suit pending in any of the courts of the state. Such is the practical construction which the statute has always received; and we have no hesitation in pronouncing it the true one.

It follows from these views that we have no power to grant the writ, and that the application must be dismissed out of this court.

Counsel on both sides urge us, nevertheless, to express an opinion upon the merits of the application. It is seldom or never proper under such circumstances to do so; and we proceed with great reluctance to say that we think no sufficient ground is shown by the complaint for issuing the writ. Our reasons are, that the taxes assessed against the plaintiff, and of which he complains, are exclusively upon his real estate, the collection of which, by the charter of the city of Mineral Point, can only be enforced by a sale of such real estate in the manner prescribed by law. A temporary injunction is, therefore, a remedy of which the plaintiff stands in no need for his present or ultimate protection. The cause can, and, in the ordinary course of events, will be tried, and the plaintiff's rights finally determined, long before any tax deed can issue, and conse-

quently long before his title can be put in any real danger by reason of the alleged cloud now resting upon it, and the removal of which is the only valid cause of action stated in the complaint.

*By the Court.*— Motion denied.