GERMANTOWN FARMERS' MUTUAL INSURANCE COMPANY vs. DHEIN, imp.

PRIVATE CORPORATION. *(1) Ratification of contract irregularly made. (2) Misdescription of obligee. (3–4) Recovery on contracts ultra vires.*

1. Where a loan by a corporation can be regularly authorized only by a vote of the directors, at an official meeting, a loan made without such vote may be *ratified* by the corporation; an action by the corporation upon the securities given for the loan is a ratification; and an averment in such ac-

tion that the loan was made by plaintiff " through its proper officers," is sufficient.

2. Where securities given for a loan made by a corporation run to persons named, as its directors, and to their successors in office, the corporation may sue thereon as owner and holder, without reformation of the instruments, and without formal assignment to it. *Supervisors v. Hall,* 42 Wis., 59.

3. While contracts of corporations which they have *no authority* to make may be void, contracts which are within the general scope of their powers, but which are *in excess* of those powers in some particulars, are valid, unless, by reason of such excess, they are against public policy. *Rock River Bank v. Sherwood,* 10 Wis., 230; approved and followed.

4. Thus, the plaintiff corporation having exceeded its power in loaning money for *two* years instead of *one*, and in taking a *note* and mortgage therefor, instead of a *bond* and mortgage, and the contract not being immoral, nor against public policy, and no penalty being attached to it, plaintiff may maintain an action upon the securities.

APPEAL from the Circuit Court for *Washington* County.

Foreclosure of a mortgage. The complaint alleges that the plaintiff is a corporation; that, through its proper officers, it loaned the defendant *Valentine Dhein* $3,000, for which he executed and delivered to the plaintiff his promissory note dated July 1, 1868, for that sum, with six per cent. interest, payable in two years; that the note was drawn payable to five persons (named in the complaint) " as the directors of the said plaintiff, or their successors in office;" that defendants executed a mortgage on certain real estate therein described, to secure the payment of the said note, and delivered the same to the plaintiff — said directors and their successors in office being named therein as mortgagees; that plaintiff paid the consideration for said note and mortgage, and from the time of their execution has been, and still is, the owner and holder thereof; that no part of the debt they were given to secure has been paid; and that the directors were named therein as payees and mortgagees because all parties supposed that to be the proper form of a note and mortgage payable to the plaintiff. In all other respects the complaint is in the usual form of complaints in foreclosure actions.

The defendant *Valentine Dhein* demurred to the complaint as not stating facts sufficient to constitute a cause of action; and appealed from an order overruling his demurrer.

*I. N. Frisby*, for the appellant, contended, 1. That the complaint was defective in not alleging that the contract was made at an official meeting of the directors, acting as a body in the corporate name, and not as individuals.   *U. B. Church v. Vandusen*, 37 Wis., 54; *Dennison v. Austin*, 15 id., 334; *M. E. Church v. Sherman*, 36 id., 404, 408; *Beatty v. Ins. Co.*, 2 Johns., 110, 114; 2 Kent's Com., 292; A. & A. on Corp., §§ 231-2.   2. That, as the complaint alleges that the note and mortgage were executed to the directors by name, without alleging any assignment or transfer of them to the corporation, it fails to show any title to them in the corporation (15 Wis., 334; 25 id., 551; 37 id., 54; P. & L. Laws of 1854, ch. 278; P. & L. Laws of 1857, ch. 331, sec. 3; *Hoyle v. Railroad Co.*, 54 N. Y., 315, 328); and that the averments that the money came from the plaintiff, and that the directors and defendant believed that the note and mortgage should be executed to the directors by name, does not help the complaint, because it does not allege any mistake of fact, nor ask any reformation of the contract, and because the intent or belief of the parties does not vary its legal effect (*Voorhees v. Burchard*, 55 N. Y., 104), but the rights of the parties must be determined by the language of the contract, when that is not ambiguous. *Norton v. Woodruff*, 2 N. Y., 153, 156; *Westcott v. Thompson*, 18 id., 363.   3. That the instruments, if regarded as taken by and belonging to plaintiff, are invalid, because taken in violation of its charter (P. & L. Laws of 1857, ch. 331, sec. 3; *People v. Trustees*, 5 Wend., 212, 217-18; *L. & F. Ins. Co. v. Ins. Co.*, 7 id., 31; *North River Ins. Co. v. Lawrence*, 3 id., 483; *N. Y. Firemen Ins. Co. v. Ely*, 2 Cow., 678, 699, 700; *Preble Co. Bk. v. Russell*, 1 Ohio St., 313, 320-21; A. & A. on Corp., §§ 239, 256); that the specification of certain powers in the charter operates as an implied prohibition of

others (15 Johns., 357, 382–3; 2 Cow., 699, 700; 5 Wend., 554; 2 Cranch, 166); and that, having no power to make the contract, the corporation cannot enforce it. 2 Kent's Com., 298–9; A. & A. on Corp., §§ 211, 256; 1 Kyd on Corp., 430; 1 Strange, 386; 2 Burr., 723; 2 Johns., 110; 6 Pick., 32; 2 Cranch, 166; *Perrine v. Canal Co.*, 9 How., U. S., 172; *Bank of U. S. v. Dandridge*, 12 Wheat., 68; *P., D. & M. St. Nav. Co. v. Dandridge*, 8 Gill & J., 248, 318, 319; *N. Y. Firemen Ins. Co. v. Ely*, 5 Conn., 560; *Hood v. Railroad Co.*, 22 id., 502, 508–9; *M., W. & M. Plankroad Co. v. W. & P. Plankroad Co.*, 7 Wis., 59; *Clark v. Farrington*, 11 id., 321; 17 id., 378; 37 id., 655, 662.

For the respondent, a brief was filed by *Frisby, Weil & Barney* as attorneys, with *I. C. Sloan*, of counsel; and the cause was argued orally by *L. F. Frisby*. To the point that, in a case of this kind, a party who has received a full and complete performance of a contract entered into with a corporation will not be permitted to set up, as a defense, the mere fact that the contract on the part of the corporation was *ultra vires*, they cited *Bissell v. Railroad Co.*, 22 N. Y., 258, 269; *De Groff v. Am. Linen Thread Co.*, 21 id., 127; *Whitney Arms Co. v. Barlow*, 38 N. Y. Sup. Ct., 562, affirmed on appeal in 63 N. Y., 62, 69; *Steam Nav. Co. v. Weed*, 17 Barb., 378; *Silver Lake B'k v. North*, 4 Johns. Ch., 370; *State of Indiana v. Woram*, 6 Hill, 33, 37; *Palmer v. Lawrence*, 3 Sandf. S. C., 162; *Chester Glass Co. v. Dewey*, 16 Mass., 94; *Chicago Building Soc. v. Crowell*, 65 Ill., 459; *Littlewort v. Davis*, 50 Miss., 403; *Bank v. Hammond*, 1 Rich. Law, 281; *Argenti v. San Francisco*, 16 Cal., 264–5; *Smith v. Sheeley*, 12 Wall., 358, 361; *Anglo-Australian Life Ass. Co. v. L. & F. Soc.*, 3 Giff., 521; *Wilson's Case*, L. R., 12 Eq. Cas., 521; *Rock River B'k v. Sherwood*, 10 Wis., 230, 237, 239; *Burns v. Railroad Co.*, 9 id., 457; *F. & M. B'k v. Railroad Co.*, 17 id., 376.

LYON, J.   The learned counsel for the appellant maintains that the complaint is fatally defective in the following particulars: 1st. Because it is not alleged therein that the plaintiff acted through its directors at an official meeting in making the loan to the appellant.   2. The note and mortgage were not executed to the plaintiff, and it is not alleged that they were ever assigned or transferred to it.   3. The note and mortgage were taken in violation of the plaintiff's charter, and are therefore void.

1. As to the first objection to the validity of the complaint, if indeed the appellant can be heard to allege it (which, to say the least, is doubtful), the complaint avers that the loan was made by the plaintiff through its proper officers.   This, we think, is sufficient.   Conceding that the loan could only be regularly authorized by a vote of the directors at an official meeting, still, if it was in fact made without such vote, it is competent for the plaintiff to ratify such irregular act.   This it has done by bringing this action.   If an agent lends the money of his principal without authority, taking securities therefor, undoubtedly the principal may enforce the collection of his money out of such securities.

2. The second objection is overruled by the decision of this court in *Supervisors of Oconto County v. Hall*, 42 Wis., 59.   It is sufficient that the securities were given for an indebtedness to the plaintiff company, or for a loan made by it. An innocent misdescription of payee or mortgagee does not vitiate them, and an action thereon may be maintained by the plaintiff, who is the alleged owner and holder.   No reformation of the securities, or formal assignment thereof by the persons named therein as payees and mortgagees, is essential to the plaintiff's right of action.

3. The objection that the plaintiff had no authority to make the contract which it attempted to make for the loan of the money, and hence, that it cannot enforce the collection of the note and mortgage given for the sum loaned, is a more serious

one. The only authority the plaintiff had to loan money is given by sec. 3, ch. 331, P. & L. Laws of 1857. That section is as follows: " It shall be lawful for said company to loan such portion of their money on hand as shall not be wanted immediately for the purposes of said company or corporation, to be secured by bond and mortgage on real estate for double the. sum loaned, above all incumbrances, for a term of time not exceeding one year, the interest to be paid half yearly, and, in default of such payment, the principal as well as the interest to become immediately due and collectable."

The contract between the plaintiff and the appellant was unauthorized by the statute in two particulars: 1. The loan was for two years, instead of one year or less; and, 2. A note was taken for the money loaned, instead of a bond. The question to be determined is, Can the plaintiff maintain an action to enforce a contract in making which it exceeded the powers conferred upon it by statute?

In the cases of *The M., W. & M. Plankroad Co. v. W. & P. Plankroad Co.*, 7 Wis., 59, and *The N. W. Union Packet Co. v. Shaw*, 37 id., 655, it was held that a corporation cannot maintain an action upon a contract which it had no legal authority to make. But it must be observed that in those cases the corporations had no authority whatever to enter into the contracts which they were seeking to enforce. The whole were entirely *ultra vires*. In the first case the plankroad company had no authority to loan its credit; and in the last, the packet company was not authorized to purchase grain. Those were not, therefore, cases of mere excess of power, but of entire want of power to make the contracts.

This is not such a case. The plaintiff was authorized to loan $3,000 to the appellant, and to take from him a mortgage to secure a repayment of the loan, with interest. Thus far it acted within the scope of its lawful powers. It only exceeded its authority by giving the appellant two years' credit on the loan, instead of one year or less, and by accepting a note for

the money loaned, instead of requiring a bond therefor. The contract is not an immoral one, it contravenes no public policy, and the statute imposes no penalty for making it. Were the parties to it two natural persons, instead of one natural person and a corporation, it would be perfectly lawful. The fact that one of the parties to it is a corporation, is all that casts a doubt upon its validity.

The rights of a corporation in such a contract have been adjudicated by this court. In *Rock River Bank v. Sherwood*, 10 Wis., 230, the bank brought an action upon a promissory note given for a debt due the bank. The rate of interest specified in the note was *twelve* per cent. The law authorized the bank to demand and receive a rate of interest not exceeding *ten* per cent., but imposed no penalty for taking interest in excess of that rate. When the note was given, the law allowed natural persons to contract for twelve per cent. interest. The action was sustained for the principal of the note and ten per cent. interest. In the opinion by Mr. Justice COLE, the distinction is clearly stated between contracts of corporations which they have no authority to make, and those within the general scope of their powers, but which are, in some particulars, in excess of those powers. While the former class may be void, it was held that the latter are valid, unless by reason of such excess they are against public policy. We are satisfied that the true rule was there adopted, although there is some conflict in the books on the subject. The opinion in that case discusses the rule and cites the cases so fully that further discussion or citation here seems quite unnecessary. We will only refer to the case of *Littlewort v. Davis*, 50 Miss., 403, which is similar to the present case in its facts and identical with it in principle, in which the rule and its application are correctly and tersely stated. The trustee of school funds loaned a portion of those funds to one of the defendants, taking her note therefor secured by a deed of land, absolute on its face, executed by such defendant to the complainant, the president

of the board of trustees. The action was brought to enforce the deed as a mortgage against the debtor and a subsequent purchaser of the land from her with notice. The statute only authorized the trustee to loan the funds on promissory notes with good personal sureties. The doctrine that contracts of corporations which are *ultra vires* cannot be enforced, was urged to defeat the action, but unsuccessfully. The court held a complaint alleging the facts above stated, good on demurrer. The court say: "These township school trustees were a *quasi* corporation, charged with the duty of managing the funds, and keeping up schools with the interest arising upon loans. There was a loan irregularly made. The power to loan is conferred; the mode is regulated. If a corporation make a contract altogether outside of the purposes of its creation, it is void, because it has not power over the subject in reference to which it acted. But if it contracts with reference to a subject within its powers, but in so doing exceeds them, the person with whom it deals cannot set up such violation of its franchises to avoid the contract."

If the foregoing views are correct, it follows that the complaint states a cause of action, and hence, that the demurrer thereto was properly overruled.

*By the Court.* — Order affirmed.