WINTERFIELD, Appellant, vs. CREAM CITY BREWING COMPANY, imp., Respondent.

| 96 | 239 |
|---|---|
| 103 | 132 |
| 96 | 239 |
| f108 | 560 |

*Pleading: Evasive denials: Execution of written instrument: Guaranty:* | 96 | 239 |
*Corporations: Seal: Ultra vires.* | 115 | ¹581 |

1. Where a complaint alleged the due execution by a brewing corporation of a written instrument guaranteeing payment of the rent of an hotel, an answer which set up the affirmative defense that it had been released from liability, expressly admitted that the defendant's secretary *signed* the instrument, and denied information sufficient to form a belief as to the other allegations of the complaint, is *held* insufficient to raise the question of the due execution of the contract of guaranty by the corporation.

2. The use of a corporate seal is unnecessary except where the use of a seal would be required from an individual.

3. It was not *ultra vires* for a brewing corporation to guarantee payment of the rent of an hotel, the bar fixtures and furniture of which it owned and in which its beer was to be sold.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

Action was commenced by plaintiff against one Joseph Scheer, as principal, and the *Cream City Brewing Company,* as surety, for unpaid rent upon what is known as the Hotel Eagle, in the city of Milwaukee. The cause was tried by a referee. The referee found that plaintiff had leased the hotel in question to Scheer for the term of three years at an agreed rental of $120 per month, payable monthly in advance; that the defendant company gave a written guar-

Winterfield vs. Cream City Brewing Co.

anty for the payment of such rent; that the purpose of the guaranty was to provide a place for the sale of defendant's beer; that at expiration of the lease there was due and unpaid seven months' rent, amounting to $840; that prior to this action the plaintiff had not released the defendant company from its liability as guarantor; that plaintiff is entitled to judgment against defendants Joseph Scheer and the *Cream City Brewing Company* for $840, with interest and costs of the action. The defendant company filed exceptions to the findings of the referee. The court gave judgment against the defendant Joseph Scheer, as demanded in the complaint. The report of the referee, so far as it affected the defendant company, was set aside, and judgment was rendered dismissing the complaint as to said company, with costs. From this judgment the appeal is taken.

For the appellant there was a brief by *Granger & Son*, and oral argument by *S. W. Granger*.

For the respondent the cause was submitted on the brief of *Fiebing & Killilea*. To the point that the contract of guaranty was *ultra vires*, they cited *Filon v. Miller Brewing Co.* 15 N. Y. Supp. 57; *Culver v. Reno Real Estate Co.* 91 Pa. St. 376; *Twiss v. Guaranty L. Asso.* 87 Iowa, 733; *Davis v. O. C. R. Co.* 131 Mass. 258; *Lucas v. White Line Transfer Co.* 70 Iowa, 541; *Janesville Bridge Co. v. Stoughton,* 1 Pin. 672, and cases cited; *Stockton v. Central R. Co.* 17 L. R. A. 97; *Famous S. & C. Co. v. Eagle Iron Works,* 51 Mo. App. 66; *Blanding v. D., I. & D. R. Co.* 88 Iowa, 225; *Madison, W. & M. P. R. Co. v. W. & P. P. R. Co.* 7 Wis. 72; *Germantown F. M. Ins. Co. v. Dhein,* 43 id. 425; *Luthe v. Farmers' Mut. F. Ins. Co.* 55 id. 546; *Nichols v. Palmer,* 48 id. 110, 112.

NEWMAN, J. Some question is made whether the due execution of a contract of guaranty by the defendant the *Cream City Brewing Company* is sufficiently proved. This question

is entirely irrelevant, as the issue made by the pleadings involved no such question. The complaint alleges that the defendant the *Cream City Brewing Company*, by an instrument in writing duly executed, did agree with the plaintiff " that, if default should be made by the said Joseph Scheer in the payment of any of the aforesaid rent which he . . . promised to pay in said lease, . . . that it, the said *Cream City Brewing Company*, would pay to this plaintiff such sum or sums of money as would be sufficient to make up any deficiency and fully satisfy all the conditions of said lease, and without any notice of such default, or prior demand being made." The allegation seems to be sufficiently comprehensive for the purpose. The answer does not deny that such an agreement was made, but sets up the affirmative defense that defendant had been released by the plaintiff from every liability arising from such agreement. It further expressly admits that the defendant's secretary *signed* such an instrument. And, as to the other allegations of the complaint, it denies having knowledge or information sufficient to form a belief. The denial is inconsistent both with the affirmative defense and with the specific admission. If it was intended as a denial of the execution of the alleged contract of guaranty, it was evasive and nugatory. For that is a matter which is conclusively presumed to be within the knowledge of the defendant. And a denial in this form does not require the plaintiff to make proof on the subject. *Mills v. Jefferson*, 20 Wis. 54; *Sweet v. Davis*, 90 Wis. 409. The secretary who signed the contract and who verified the answer knew all the facts relevant to its due execution.

Some point was made that the corporate seal was not attached to the contract of guaranty. That was unimportant. Corporations are bound by contracts made by their agents, though not under seal, and on implied contracts. The use of the corporate seal is unnecessary, except where the use of a seal would be required from an individual. 4 Am. &

Eng. Ency. of Law, 242; 2 Kent, Comm. 291; *Ford v. Hill,* 92 Wis. 188.

It is urged that to make such a contract of guaranty was not within the power of the corporation,— that the contract was *ultra vires.* The rule, no doubt, is that a corporation cannot bind itself to purposes which are foreign to those for which it was created. While this is true, the general rule, no doubt, is that, except as restrained by law, corporations have the implied power to make all such contracts as will further the objects of their creation, and their dealings in this regard may be like those of an individual seeking to accomplish the same ends. 4 Am. & Eng. Ency. of Law, 245. They are not limited in law to the use of such means as are *usual* or *necessary* to the objects contemplated by their organization, but, where not restricted by law, may choose such means as are *convenient* and *adapted to the end,* though they be neither the *usual* means, nor absolutely *necessary. Madison, W. & M. Plank Road Co. v. Watertown & P. Plank Road Co.* 5 Wis. 173; *Clark v. Farrington,* 11 Wis. 306–322; *North Hudson Mut. B. & L. Asso. v. First Nat. Bank,* 79 Wis. 31. If the contract is within the general scope of the powers and purposes of the corporation, it will not be void, even if, in some particulars, it is in excess of those powers, unless, by reason of such excess, it is against public policy. *Germantown F. M. Ins. Co. v. Dhein,* 43 Wis. 420. The purpose of the defendant's organization was to manufacture and sell beer. Doubtless it was competent to make any contract, which was convenient and adapted to further that purpose, which was not against public policy. No doubt, it was within its competency to rent a place for the sale of its beer by its agents or servants. To rent a place where one of its customers should retail its beer would seem, in a similar manner, to further the purpose of its incorporation. At least, it is not clearly foreign to that purpose. The defendant owned the bar fixtures and furni-

ture which was used by Scheer in the business. It was the defendant's beer which was sold there. The whole purpose was a scheme to make a market for the defendant's beer. The defendant patronized and promoted other similar establishments, in a similar way, in aid of the same general purpose. The scheme was germane to the purpose of the corporation, and not foreign to it. It was not *ultra vires.*

The defendant failed entirely to show any conduct upon the part of the plaintiff which could operate to release it from the obligation of its guaranty. No change had been made in the terms of the lease, nor anything done to affect the strict terms of the obligation of the guaranty.

The report of the referee was right, both upon the facts and the law, and should have been confirmed as made. The judgment of the superior court is wrong, both upon the facts and the law. It must be reversed.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded with direction to confirm the report of the referee and to give judgment for the plaintiff according to its terms.